Argued March 25, reversed and remanded May 11, objections to cost
   bill overruled June 8, rehearing denied June 22, 1926.

# GRACE KELSEY v. CHARLES E. HUTCHINSON.

### (245 Pac. 1077.)

**Principal and Surety—Executrix's Surety Held Necessary Party to
   Her Suit for Accounting Against His Cosurety in Order to Ad-
   just Payments by Him, Unless Waiver by Him, Protecting Her
   . from Liability, is Filed.**

1. That amount paid by person as surety for executrix and
security therefor may be adjusted in her suit against other surety
for accounting for property transferred to latter for their security,
surety first mentioned is necessary party, unless release and agree-
ment or waiver, protecting executrix from liability to him, be
executed and filed.

**Executors and Administrators — Principal and Surety — Executrix
   Held Entitled to Accounting for Property She Transferred to
   Her Bondsman as Security, and to Payment of Percentage of
   Claim Which Surety Promised to Pay if She Would Release
   Claim.**

2. Executrix *held* entitled to accounting for property transferred
to her surety as security for amounts paid and to be paid by him,
and to payment of agreed percentage of claim against a bankrupt
which he promised to pay from assets of bankrupt purchased by him
if she would release claim to aid in effecting composition with other
creditors.

**Principal and Surety—Amount Paid by Person as Executrix's Surety
   Should be Held in Abeyance in Her Suit for Accounting Against
   Cosurety for Security Transferred for Their Benefit, Until Claim
   is Settled or Adjudicated.**

3. In suit for accounting by executrix against surety, for prop-
erty transferred to him to secure him ·and cosurety, sufficient of
amount due her to cover amount paid by other surety for her should
be held in abeyance until his claim is settled or adjudicated.

**Principal and Surety—Surety Assigned Second Mortgage as Security,
   Purchasing First Mortgage and Paying Mortgagor and Wife for
   Deed, She not Having Signed Mortgage, was Entitled to Credits
   Therefor in Action for Accounting, Though not to Interest
   Thereon.**

4. Where surety to whom second mortgage was assigned by
executrix as collateral security was compelled to purchase first mort-
gage to protect his mortgage, and paid mortgagor and his wife for
deed, the wife not having signed the mortgage, he was entitled to
a credit on these items in executrix's action for an accounting, but
not to interest thereon; he having had possession, rents and profits
of property.

Mortgages, 27 Cyc., p. 975, n. 80.
Principal and Surety, 32 Cyc., p. 251, n. 60.

From Multnomah: GEORGE F. SKIPWORTH, Judge.

Department 2.

This is a suit by Grace Kelsey for an accounting. It involves real and personal property alleged to have been transferred by plaintiff to defendant as security for certain sums of money, and for defendant's liability upon plaintiff's bond as an executrix. The trial court found that certain property was transferred to the defendant C. E. Hutchinson, in full settlement of money advanced by him to plaintiff, and of his liability on plaintiff's bond as executrix, and denied the accounting. Plaintiff appeals.

REVERSED AND DISMISSED. OBJECTIONS TO COST BILL OVERRULED. REHEARING DENIED.

For appellant there was a brief over the name of *Messrs. Olson & Bain,* with oral arguments by *Mr. Conrad P. Olson* and *Mr. Sidney J. Graham.*

For respondent there was a brief over the name of *Messrs Nichols, Hallock & Donald,* with an oral argument by *Mr. James H. Nichols.*

BEAN, J.—The description of the transaction is about as follows:

The plaintiff, Grace Kelsey, is a resident of North Powder, Union County, Oregon, and is the widow of L. S. Kelsey, deceased. The defendant C. T. Hutchinson is a son-in-law of plaintiff. E. S. Forsstrom is also a son-in-law of plaintiff. L. S. Kelsey died testate in Baker County, Oregon, May 15, 1913, leaving an estate consisting of real and personal property. In his will he named the plaintiff, Grace Kelsey, as executrix. She qualified as such and filed

an undertaking in the sum of $20,000 with the defendant Charles E. Hutchinson and his brother W. H. Hutchinson as sureties. During the time the estate of L. S. Kelsey was in the process of administration, E. S. Forsstrom and J. O. Pilcher were engaged as partners in the mercantile business in North Powder, Oregon, under the firm name of the Forsstrom-Pilcher Company.

During the course of the administration of the estate of L. S. Kelsey, deceased, Mrs. Kelsey loaned E. S. Forsstrom, her son-in-law, and the partnership of Forsstrom-Pilcher Company approximately $16,000 of the funds belonging to said estate, and in addition thereto loaned the same parties approximately $8,500 of her individual money.

In February, 1917, the defendant learned that the plaintiff had loaned the funds of the estate. E. S. Forsstrom, and the partnership of Forsstrom-Pilcher Company, became insolvent and unable to meet their obligations. In March, 1917, the defendant C. E. Hutchinson furnished plaintiff $500 with which to satisfy certain charges against the estate of L. S. Kelsey, deceased. After a discussion between the defendant C. E. Hutchinson and W. H. Hutchinson, his brother, and the plaintiff, as to the liability of the defendant and W. H. Hutchinson as sureties on the undertaking of the plaintiff, it being ascertained that said sureties would be liable to pay a considerable amount, the plaintiff, in order to secure such liability, transferred to defendant C. E. Hutchinson practically all of her property.

On March 7, 1917, plaintiff conveyed to the defendant Lot 7, in Block 88, in Laurelhurst, in the City of Portland, Oregon, and also assigned to defendant a chattel mortgage, executed by E. S. Fors-

strom and J. O. Pilcher to C. J. Forsstrom, later assigned to plaintiff by C. J. Forsstrom, the mortgage being to secure the sum of $2,000 and being upon the fixtures situated in the store building in North Powder, Oregon, known as the L. S. Kelsey Store, which at the time was occupied by the Forsstrom-Pilcher Company.

About that time plaintiff transferred to defendant a note and mortgage given by J. O. Pilcher to Grace Kelsey to secure the sum of $2,000 and covering Lot 2 in Block 24, in the town of North Powder, Oregon.

In March, 1917, E. S. Forsstrom and J. O. Pilcher, copartners doing business under the name of Forsstrom-Pilcher Company, were adjudged bankrupt, and the sale of the assets of the partnership was advertised by the trustee in bankruptcy. The bankrupt partnership of Forsstrom-Pilcher Company was indebted to the plaintiff in a sum exceeding $25,000, $16,000 of which was money she had used belonging to the Kelsey estate; $4,000 of the remainder was partially secured by the two mortgages above mentioned.

On March 21, 1917, a meeting of the creditors of the Forsstrom-Pilcher Company was held at North Powder, Oregon, at which a composition agreement was offered to creditors of twenty cents on the dollar on the condition that the claims of Grace Kelsey, C. E. Hutchinson and C. J. Forsstrom would not participate in such composition.

An agreement was entered into between the creditors of the bankrupt estate of Forsstrom-Pilcher Company, C. J. Forsstrom and the defendant C. E. Hutchinson, whereby it was agreed that the creditors would accept a composition of their claims and it

was agreed that the outside creditors should receive
and accept twenty cents on the dollar.

In order to effect this composition it was agreed
that the claims of Grace Kelsey, C. J. Forsstrom and
Charles E. Hutchinson should not participate in the
composition, but should be deferred. In case this
arrangement could be made it was agreed in writing
between C. J. Forsstrom, a brother of E. S. Fors-
strom, who was a partner in the Forsstrom-Pilcher
Company, and a successful merchant of several years
standing, and defendant C. E. Hutchinson that C. J.
Forsstrom would advance one half of the sum neces-
sary to effect the composition, and that C. E. Hut-
chinson would provide the other half and secure a
waiver of the claims of Grace Kelsey against the
bankrupt estate, and upon the condition that the
personal claims of both C. J. Forsstrom and Charles
E. Hutchinson would not participate in the composi-
tion.  Thereupon Charles E. Hutchinson agreed with
Grace Kelsey that if she would waive dividends, she
would receive upon the claims filed by her against
the bankrupt estate of Forsstrom-Pilcher Company,
he would carry out his portion of the composition
agreement; and when and if his money and invest-
ments were returned to him, together with any sums
advanced by him upon his liability as bondsman for
Mrs. Kelsey, that he would either pay Mrs. Kelsey
a 20 per cent dividend upon the amount of her
claims against such bankrupt estate, or in lieu
thereof, assign and set over to her his one-half in-
terest in the store property and business, to be ac-
quired by C. J. Forsstrom and C. E. Hutchinson by
virtue of the composition agreement.

This proposition was accepted by Mrs. Kelsey and
on the following day, March 21, 1917, the offer was

made and accepted by the creditors and approved by the referee in bankruptcy, and in pursuance thereto C. E. Hutchinson and C. J. Forsstrom each advanced $7,500, or a total of $15,000, and became the owners of the assets of the Forsstrom-Pilcher Company, bankrupt. And in compliance with such agreement C. J. Forsstrom, C. E. Hutchinson and Grace Kelsey each waived and released their claims filed against the bankrupt estate.

At the time the composition agreement was made it was not known how much C. E. Hutchinson and W. H. Hutchinson would be required to pay as sureties on the undertaking of Mrs. Kelsey as executrix of the estate of L. S. Kelsey, deceased. Upon the final settlement of the estate, brought about by a compromise with the heirs of L. S. Kelsey, deceased, it became necessary for the bondsman to advance $4,400 to close the estate, one half of which, or $2,200, was paid by the defendant C. E. Hutchinson, and one half by his brother W. H. Hutchinson.

At the time of the transfer of the Laurelhurst lot, the Pilcher real estate mortgage and the chattel mortgage above mentioned, to secure the defendant C. E. Hutchinson and, as he asserts, to also secure his brother W. H. Hutchinson, as such sureties, Mrs. Kelsey, C. E. Hutchinson and W. H. Hutchinson went to the office of C. H. Finn, an attorney in La Grande, Oregon, where she made the transfers. At the same time an assignment was made to the defendant by Grace Kelsey of her executrix fees in the estate of L. S. Kelsey, deceased.

About that time Mrs. Kelsey also assigned to defendant C. E. Hutchinson her right to an annuity of $1,500 per year, provided by the will of L. S. Kelsey. Nothing was ever realized upon this assign-

ment. On January 23, 1917, Mrs. Kelsey assigned her claims against the bankrupt estate of Forsstrom-Pilcher Company to C. E. Hutchinson and W. H. Hutchinson.

Senator Strayer, who was attorney for Mrs. Kelsey, the executrix of the estate of L. S. Kelsey, deceased, objected to and advised against the transfer of Mrs. Kelsey's claim against the bankrupt estate, and advised her to present such claim in her own name. All parties therefore acquiesced in this plan and the assignment of such claims was never acted upon or carried out.

Mr. C. H. Finn was a witness for defendant in this case and testified to the effect that the assignments and conveyance of the Laurelhurst lot mentioned, as he understood at the time from what was said, were made for the benefit of C. E. Hutchinson and W. H. Hutchinson as security to them, as they were on Mrs. Kelsey's bond and had advanced money for her benefit; that the transfers were made to C. E. Hutchinson for convenience and for the reason that he was the best business man.

Among the creditors of Forsstrom-Pilcher Company were Max Hauser, and his agent, John O'Bryant, engaged in the grain business, whose indebtedness was claimed to be in excess of $20,000 and who had as additional security, besides the partnership of Forsstrom-Pilcher Company, the guarantee of Mrs. E. S. Forsstrom and Grace Kelsey. Max Hauser and his agent refused to accept the composition offer as a complete settlement of their rights unless in addition to such offer they would be secured in the sum of $1,000 as a consideration of the waiver of the guarantees held by them.

Grace Kelsey was unable to raise the $1,000, and on the evening of the day the composition offer was made a meeting of the parties and their attorneys was held at Grace Kelsey's house, and as a result of such meeting the plaintiff Grace Kelsey and Eithel Forsstrom signed a note in favor of John F. O'Bryant in the sum of $1,000 and Charles E. Hutchinson indorsed the same and at a later period paid the note with interest, amounting to $1,071.17.

The main controversy in this case centers around the claim of defendant C. E. Hutchinson to the effect, that when the composition settlement was made and the Forsstrom-Pilcher Company assets and business was taken over by C. J. Forsstrom and defendant C. E. Hutchinson, each owning one-half interest therein (taking the statement from defendant's brief) "The defendant promised and agreed as a part of the settlement plan to pay the plaintiff such sums as might be available up to twenty per cent on her individual unsecured claims against the bankrupt estate"; which unsecured claim of the plaintiff amounted to $4,500; that the plaintiff was indebted to J. F. O'Bryant in the sum of $1,000, for which the defendant signed a note as surety for plaintiff with the agreement and understanding that if it became necessary for him to pay said note the plaintiff would release defendant from his obligation to pay her 20 per cent of her unsecured claim of $4,500 against the bankrupt estate of Forsstrom-Pilcher Company; that he signed and paid the note.

Senator W. H. Strayer testified, as a witness for plaintiff in the suit, to the effect that he was called to North Powder by Mrs. Kelsey about March 20, 1917, and was present at the home of Mrs. Kelsey on the evening before the meeting of the bankruptcy

creditors. The subject of the conversation was in reference to a business composition of the creditors in the bankruptcy proceedings and with reference to certain claims that Mrs. Kelsey had against the bankrupt estate; that they were advised that a composition of the creditors could be effected, providing that Mrs. Kelsey would forego sharing in the composition—

" * * and Charles Hutchinson agreed that if Mrs. Kelsey would forego her right to share in the composition, so the composition might be brought about, that he, and I think Carl Forsstrom would take over the store; that so soon as Charles Hutchinson had been able to take out of the profits of running the store sufficient to recompense him for what he was out, and what he would be out, he would either turn the store back to Mrs. Kelsey or would pay her claim."

Senator Strayer did not think there was any discussion relative to paying the claim in full, dollar for dollar, but that he got the impression her claim was to be paid in full. It appears in the testimony that practically all of the parties were considering or talking about twenty cents on the dollar. Mr. Strayer stated that Charles Hutchinson and his brother Will were sureties on the executrix bond, and it was apparent at that time that the bondsmen would have to make good a portion of the money. How much it was impossible to determine just then. Mr. Strayer further testified as follows:

"Q. Now, as you know, Mr. Hutchinson claims in this case that he had an agreement with Mrs. Kelsey under which in consideration of his signing that thousand dollar note, she relieved him from the obligation he had assumed to her under the composition, —you understand that to be his contention?

"A. I gather as much from your statement.

"Q. Assuming that is a fact,—

"A. Yes; I am not familiar with the case.

"Q. Are you prepared to testify there was no such agreement between these parties?

"A. There certainly was not in my presence."

It appears Mr. Strayer had a conference with his client, Mrs. Kelsey, and defendant Hutchinson in regard to the O'Bryant proposition which was put up to him. We will not consume space to quote the testimony at length.

As we view it the evidence largely preponderates in favor of the agreement as claimed by plaintiff. All of the transfers of property and assets made by plaintiff to defendant were made as security for the money paid out by him for her and the liability upon her undertaking. There was no other consideration for the transfers. The deed and assignment were in the nature of a mortgage. It is a well-known maxim—"Once a mortgage always a mortgage."

The claim of defendant that the transfers were made in full settlement of the amount then owing to him and the sum that he would be required to pay as plaintiff's surety is not borne out by the testimony. The amount that defendant would be required to pay was undetermined, at the time of the transfer. All he then asked, or expected, and probably more than he expected, was to get his money back. Mrs. Kelsey was responsible for the money belonging to the Kelsey estate and no distinction appears to have been made between any of her claims against the bankrupt estate, and none should be made now.

C. E. Hutchinson sold his corporate stock in the Hutchinson-Forsstrom Company, which represented his interest in the property and assets of the Fors-

strom-Pilcher bankrupt stock of goods, for $17,000. During the year he drew out of that business $1,500. He paid some taxes and insurance on the property transferred.

1. Defendant C. E. Hutchinson asserts that he is liable to his brother W. H. Hutchinson for the sum of $2,200 paid by him as surety on Mrs. Kelsey's undertaking as executrix of the will of L. S. Kelsey, deceased. It appears that he is representing his brother in the matter as an agent, as he says, "handling that" for him. In order for the amount paid by W. H. Hutchinson as surety for Mrs. Kelsey and the security therefor, to be adjusted in this suit, it is necessary that W. H. Hutchinson be made a party to this proceeding, or that a release and agreement or waiver fully protecting plaintiff from all liability to W. H. Hutchinson, on account of the payment made by him, be duly executed by W. H. Hutchinson authorizing such adjustment and filed in the suit.

2. The plaintiff in equity is entitled to an accounting by defendant for all of the property and assets transferred by plaintiff to defendant as such security, and that defendant pay to plaintiff 20 per cent on her claims against the bankrupt estate of Forsstrom-Pilcher Company which were deferred or "released" in order to bring about the composition settlements, or so much of said per cent up to 20 per cent of such claim, as may be available, after deducting the amount justly due to defendant from plaintiff, by reason of the sums advanced and paid to and for her and in full settlement of the liability on her bond as executrix, in accordance with this opinion.

Defendant C. E. Hutchinson should be charged with and account to plaintiff for the following sums: first

striking a balance of the store business and expenses as of June 1, 1920, omitting the real estate:

RECEIPTS.

| | | | |
|---|---|---|---|
| May | 1, 1918. | Profits from Forsstrom & Pilcher Store ..........$ | 1,500.00 |
| | | Interest on same to June 1, 1920, at 6% ........... | 187.50 |
| June | 1, 1920. | Sale of Stock Forsstrom & Pilcher Store .......... | 17,000.00 |

June    1, 1920. Total receipts to date ....$18,687.50

Defendant should be credited with the following:

DISBURSEMENTS.

| | | | |
|---|---|---|---|
| March | 1, 1917. | Grace Kelsey—Cash ......$ | 500.00 |
| | | Interest on same to June 1, 1920 ................. | 97.50 |
| March | 21, 1917. | Investment Hutchinson & Forsstrom—one half ... | 7,500.00 |
| | | Interest on same to June 1, 1920 ................. | 1,437.50 |
| Nov. | 1, 1917. | Paid on bond of executrix. | 2,200.00 |
| | | Interest on same to June 1, 1920 ................. | 341.00 |
| May | 1, 1917. | Paid J. F. O'Bryant note and interest ........... | 1,071.00 |
| | | Interest on same to June 1, 1920 ................. | 69.61 |
| June | 1, 1920. | J. L. Soule auditing books Hutchinson-Forsstrom .. | 723.00 |
| June | 1, 1920. | 20 per cent of $1,069 Forsstrom & Pilcher claim .. | 213.80 |
| | | Paid Nichols & Hallock Attorney's fees, Hutchinson & Forsstrom settlement. | 500.00 |
| Sept. | 15, 1920. | Abstract of title of Pilcher property .............. | 43.00 |
| April | 4, 1922. | Taxes Union County ..... | 26.97 |
| Various Dates. | | Taxes Multnomah County.. | 170.18 |
| Nov. | 30, 1920. | Oregon Fire Relief Ins. Pilcher property ....... | 67.00 |

| | | |
|---|---|---|
| April 4, 1921. | Taxes Union County Pilcher property .......... | 223.48 |
| | Total disbursements .....$15,187.44 | |
| | SUMMARY. | |
| | Total receipts by C. E. Hutchinson as of June 1, 1920 ....................$18,687.50 | |
| | Total disbursements store business and expenses, tax, etc. ............... | 15,187.44 |
| | Balance receipts as of June 1, 1920 ................$ 3,500.06 | |
| June 1, 1921. | Received sale of chattel mortgage fixtures ...... | 750.00 |
| | Balance June 1, 1921 .....$ 4,250.06 | |
| | Interest on $3,500.06 for one year to June 1, 1921.. | 210.00 |
| | Interest on $4,250.06 to May 1, 1926 ........... | 1,211.25 |
| | | $ 5,671.31 |

The latter amount, $5,671.31, is the amount due Mrs. Kelsey without taking into consideration the amount paid by W. H. Hutchinson, or the real estate transactions.

Mrs. Kelsey claims, in substance, that W. H. Hutchinson made no claim for the $2,200 which he paid on her bond as executrix. As stated above, the defendant claims this amount should be paid to him. In the event W. H. Hutchinson shall file herein a release or disclaimer in favor of plaintiff, Grace Kelsey, then the defendant should pay the plaintiff, on account of this store business, not including real estate, the above amount of $5,671.31.

3. In the event W. H. Hutchinson is made a party to this suit and establishes his right to a claim of a payment on the bond of $2,200, with interest at 6 per cent from November 1, 1917, or $1,122, then the $2,200 plus the interest to May 1, 1926 (or $1,122) would be a total of $3,322.00. This amount of the total balance and interest due Mrs. Kelsey should be held in abeyance until the matter of the claim of W. H. Hutchinson is settled or adjudicated.

The defendant appears to have elected to sell the business, or his share thereof, which was taken over from Forsstrom-Pilcher Company, and therefore cannot turn such share in the store over to the plaintiff. She should, therefore, receive 20 per cent upon her claims filed against the Forsstrom-Pilcher Company bankrupt estate, or so much thereof as is available, as stated above.

4. The mortgage assigned by plaintiff to defendant upon the J. O. Pilcher residence property proved to be a second mortgage. In order to protect the same it became necessary for defendant to take an assignment of the first mortgage on the property from one Saunders, for which he paid $1,600. The defendant also paid J. O. Pilcher and his wife (the wife not having signed the mortgage) $240, paid by a lease for one year of his property in order to procure a deed from J. O. Pilcher and his wife.

Plaintiff Grace Kelsey, after the adjustment of the matter of the payment to W. H. Hutchinson, will be entitled to a conveyance to her by defendant of the Laurelhurst lot which she conveyed to defendant. She will also be entitled to a conveyance of the J. O. Pilcher residence property, upon the payment or crediting to defendant on the account herein, the amount paid for the assignment of the prior mort-

gage and the further payment or credit of $240 paid to secure the deed from Pilcher and wife. The defendant having had the possession, rents and profits of the Pilcher property, we do not deem it equitable to allow him interest on these two latter amounts expended by him.

The decree of the Circuit Court will be reversed and the cause will be remanded for the purpose of completing the accounting between plaintiff and defendant, and for the adjustment of the claim of W. H. Hutchinson, in case that can be done. In the event either of the parties desire and the trial court deems it necessary, additional testimony may be taken relating to the adjustment of the asserted claim of W. H. Hutchinson.

REVERSED AND REMANDED.   OBJECTIONS TO COST BILL OVERRULED.   REHEARING DENIED.

McBRIDE, C. J., and BROWN and BELT, JJ., concur.